IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELEANOR PRATT, Ph.D., | No. C 05-0693 SI |
| Plaintiff, | **ORDER TRANSFERRING ACTION TO THE SOUTHERN DISTRICT OF FLORIDA** |
| v. | |
| SILVERSEA CRUISES, LTD., INC., | |
| Defendant. | |

On July 8, 2005, the Court heard argument on defendant's motion to dismiss for improper venue. Having carefully considered the papers and pleadings on file, and the arguments of counsel, the Court hereby DENIES the motion to dismiss, GRANTS plaintiff's alternative motion to transfer and TRANSFERS this action to the Southern District of Florida.

**BACKGROUND**

Plaintiff Eleanor Pratt is an 83-year old woman who alleges that in March, 2004 she suffered a broken hip, a torn ACL in her right knee, and severe ankle injuries when she fell on a cruise ship enroute from San Diego to San Francisco. While the record is unclear, it appears that plaintiff resides and receives medical treatment in San Diego.

On February 15, 2005, plaintiff filed a complaint in the Northern District of California, located in San Francisco, alleging diversity jurisdiction and pleading causes of action for negligence, premises liability, and common carrier liability. The passenger cruise ticket contract that plaintiff purchased from defendant contained a forum-selection clause that provides:

> **Choice of Law/Place of Suit.** It is agreed by and between You and the Carrier that any and all disputes whatsoever arising under, in connection with, or incident to this Ticket shall be litigated if at all, in and before the federal court of competent jurisdiction in Broward County, in the State of Flordia, U.S.A., and shall be tried by a court without jury.

On April 17, 2005, defendant filed a motion to dismiss plaintiff's complaint based on improper venue. Defendant also raises objections to a letter submitted by plaintiff from one of her treating physicians on the grounds that significant portions of the letter are not admissible pursuant to Rule 7-5(b) of the Local Rules and Federal Rule of Civil Procedure 56(e). Plaintiff opposes the motion to dismiss, contending that venue is proper in this district, but requests, in the alternative, that the action be transferred to the Southern District of Florida rather than dismissed.[1]

## LEGAL STANDARD

The Court will treat a motion to dismiss based on a forum-selection clause as a Federal Rule of Civil Procedure 12(b)(3) motion to dismiss for improper venue. See Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 324 (9th Cir.1996). Once venue is challenged by the defendant, the plaintiff bears the burden of establishing that venue is proper. Deputy v. Long-Term Disability Plan of Sponsor Aventis Pharm., et al., 2002 WL 31655328, at *1 (N.D. Cal. Nov. 21, 2002) (citing Bartholomew v. Virginia Chiropractors Ass'n, 612 F.2d 812, 816 (4th Cir. 1979)). Under a Rule 12(b)(3) motion to dismiss, the pleadings need not be accepted as true, as would be required under a Rule 12(b)(6) analysis, and the court "may consider facts outside of the pleadings." Richardson v. Lloyd's of London, 135 F.3d 1289, 1292 (9th Cir. 1998); Argueta, 87 F.3d at 324 (citing Carnival Cruise Lines v. Shute, 499 U.S. 585 (1991)). Because a 12(b)(3) motion has a dramatic effect on plaintiff's forum choices, the trial court must "draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party." Murphy v. Schneider National, Inc., 362 F.3d 1133, 1138-39 (9th Cir. 2003). Alternatively, the court may hold an evidentiary hearing to resolve questions of credibility or disputed facts. Id. at 1139-40.

Forum-selection clauses are "prima facie valid and should not be set aside unless the party challenging

---

[1] Plaintiff contends that defendant's motion is procedurally defective for failing to name the Federal Rule relied upon. The Court finds that the motion was sufficiently specific to allow both the plaintiff and this Court to comprehend the basis for the motion and to fairly address it.

2

enforcement of such a provision can show it is 'unreasonable' under the circumstances." Argueta, 87 F.3d at 325 (quoting Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10, 92 S. Ct. 1907, 1913 (1972)). To establish the unreasonableness of a forum-selection clause, the party challenging its validity has "the heavy burden" of showing that trial in the chosen forum would effectively deny the party a meaningful day in court. Argueta, 87 F.3d at 325. Specifically, a forum-selection clause is unreasonable if: (1) its incorporation into the contract was the result of fraud, undue influence, or overweening bargaining power . . . (2) the selected forum is so gravely difficult and inconvenient that the complaining party will for all practical purposes be deprived of its day in court . . . or (3) enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought." Id.; Murphy v. Schneider Nat'l Inc., 362 F.3d 1133, 1140 (9th Cir. 2004).

## DISCUSSION

Defendant argues that dismissal is appropriate because the passenger cruise ticket contract between defendant and plaintiff contains a valid forum-selection clause that designates the federal court in Broward County, Florida as the sole forum for resolution of disputes between the parties. Defendant also asserts that plaintiff has failed to qualify for any of the exemptions to enforcement of the forum-selection clause.

Plaintiff does not challenge the validity of the forum-selection clause, but contends that she qualifies for two exceptions to the forum-selection rule. First, plaintiff argues that her health prevents her from traveling from California to Florida and, therefore, enforcement of the forum-selection clause would be unreasonable because it would effectively deprive her of her day in court. Second, plaintiff argues that enforcement contravenes public policy by depriving her of her Seventh Amendment rights. Plaintiff also requests that if the Court finds that the proper forum for this action is the Florida federal court, that it transfer the action to that court rather than dismissing it.

**1. Reasonableness of forum-selection clause**

    **A. Inconvenience of the selected forum**

Plaintiff argues that her physical disabilities prevent her from traveling to Florida and thus the forum

3

selection clause is unreasonable because it will deprive her of her day in court. Defendant argues that a physical disability alone is insufficient to meet plaintiff's heavy burden of demonstrating that the forum selection clause is unreasonable. Defendant also asserts that even if the inability to travel due to physical limitations were sufficient, plaintiff has failed to establish that her injuries are so severe as to prohibit travel, and notes that while plaintiff lives in San Diego, she has filed this action in San Francisco, more than 500 miles away.

Plaintiff relies on the Ninth Circuit's decision in Murphy v. Schneider National, Inc., 362 F.3d 1133 (9th Cir. 2004), where the Court of Appeals found that the plaintiff was entitled to an exception to enforcement of a forum-selection clause. In Murphy, the plaintiff, a truck driver, sued his employer and another defendant for injuries incurred while picking up a load in Kentucky. He sued in Oregon, his state of citizenship, and the defendant sought to enforce a forum-selection clause in his employment contract requiring venue in Wisconsin. Murphy claimed both financial hardship and a physical disability that prevented him from sitting for long hours, and he submitted an affidavit stating that he had been unable to work, that he and his wife lived on an estimated $2,234 per month in disability payments, and that he could not afford to maintain the case if the venue was not local. The defendant challenged the extent of plaintiff's disability based on evidence from plaintiff's medical records. Id. at 1138. The Ninth Circuit held that, in the context of a Rule 12(b)(3) motion based on a forum selection clause, a district court must draw all inferences and resolve all factual conflicts in favor of the non-moving party, and in doing so, found that "the combination of Murphy's alleged financial troubles and physical limitations would bar him from litigating his claim." Id. at 1143.

The Ninth Circuit has not specifically addressed the enforceability of a forum selection clause where a plaintiff alleges only a physical disability. However, Murphy and the weight of persuasive authority from this district and other jurisdictions suggest that neither severe physical limitation nor economic hardship alone is generally enough. In Walker v. Carnival Cruise Lines, 107 F. Supp. 2d 1135, 1142 (N.D. Cal. 2000), a court of this district held that the plaintiffs' combined severe physical handicaps and poverty supported retention of jurisdiction. 107 F. Supp. 2d at 1142. In Walker, disabled passengers sued the cruise line and travel agents under the Americans with Disabilities Act (ADA) and state law based on the alleged failure to provide accessible accommodations. One plaintiff suffered from chronic progressive multiple sclerosis and had less than $400 a month of discretionary income for a family of four; the other was a quadriplegic requiring immediate

4

restroom access at all times with less than $700 disposable income a month for a family of three. The court found that enforcement of the forum-selection clause would force the families to make the "Hobson's choice" between foregoing basic necessities such as food and seeking redress for their civil rights, and that it was the "degree, combination, or cumulative effect of severe physical *and* economic disabilities" that warranted granting an exception to plaintiffs. Id. at 1142 (emphasis in original).[2]  Other courts have enforced forum selection clauses where a plaintiff claimed either physical or financial hardship, but not both. See, e.g., Miller v. Regency Maritime Corp., 834 F. Supp. 200, 202 (N.D. Fla. 1992) (upholding a forum-selection clause despite the plaintiff's claim that she was unable to travel due to a serious hip injury); Weiss v. Columbia Pictures Television Inc., 801 F. Supp. 1276, 1279 (S.D.N.Y. 1992) (holding that inconvenience or expense of traveling is not an adequate reason to disturb the forum-selection clause); Talatala v. Nippon Yusen Kaisha, Corp., 974 F. Supp. 1321, 1325 (D. Haw. 1997) (finding plaintiff's claim that he could not afford to litigate in the selected forum unpersuasive and enforcing the forum-selection clause).

      While the Court does not adopt a broad rule that a physical disability alone is never enough, it cannot conclude from the facts here that this plaintiff will be deprived of her day in court. Plaintiff presents evidence of her physical limitations in the form of a declaration from one of her treating physicians, Dr. Hacker, which states that plaintiff's injuries "will prevent her from traveling from San Diego to Florida because of her limited mobility and continued pain." Hacker Decl., attached to Pl.'s Mot. Dismiss. No other evidence in support of the request for an exception is included in the record. Defendant argues that the letter from Dr. Hacker, who last treated plaintiff over a year ago, is insufficient to support plaintiff's contention of immobility, and that portions of the declaration from Dr. Hacker are inadmissible. But even if the Court considers the declaration and resolves all factual disputes over the severity of the disability in favor of plaintiff, it finds that she has still failed to establish that the forum-selection clause is "so manifestly and gravely inconvenient" so as to make it unreasonable. Bremen, 407 U.S. at 18. Here, unlike in Murphy, plaintiff alleges that her physical disability makes her unable to travel, but she does not claim any financial hardship. To meet the heavy burden required

---

[2] It is noteworthy that the Walker court also found that, given the "larger National interest in eradicating discrimination" against the disabled, enforcement of the forum-selection clause would contravene the "larger national policy of promoting full and equal access to the legal system for civil rights plaintiffs." Id. at 1143.

to overcome the presumption that a forum selection clause is valid, plaintiff must show that it is an impossibility for her to try her case, not simply a less convenient or effective means of doing so. Financial stability enables a plaintiff to secure appropriate means of travel and medical assistance unavailable to those facing extreme poverty. Likewise, the availability of electronic filing and video and teleconferencing technology limits the need for travel. In addition, in civil case, a plaintiff may pursue a claim without appearing in court in person. See Effron v. Sun Line Cruises, Inc., 67 F.3d 7, 11 (2nd Cir. 1995) (holding that while plaintiff claimed that he was physically disabled and that travel to a foreign venue was so expensive and difficult as to deprive him of his day in court, "a plaintiff may have his 'day in court' without ever setting foot in a courtroom").

Therefore, while this Court is sympathetic to plaintiff's condition and the inconvenience of traveling to Florida, plaintiff has not met the heavy burden of demonstrating that enforcement is so inconvenient that she would effectively be deprived of her day in court.

### B.  Forum-selection and public policy

Plaintiff argues that enforcement of the forum-selection clause will contravene a strong public policy because it is the public policy of the United States not to deprive any individual of a day in court. Plaintiff does not assert that any other additional broad public policy underlies her claim, and the Court has found that enforcement of the forum-selection clause does not deprive plaintiff of her day in court. Thus, enforcement of the forum-selection clause does not contravene public policy.

### 2.  Objections to Dr. Hacker's declaration

Because the Court finds that, even if the declaration from Dr. Hacker were admitted, plaintiff has failed to establish the unreasonableness of the forum-selection clause, it does not reach defendant's specific objections.

### 3.  Request to transfer

A district court, when reviewing a case filed in the wrong jurisdiction, may dismiss, or, if it is in the

interest of justice, transfer to the district in which the case could have been brought. 28 U.S.C. § 1406(a). When a Rule 12(b)(3) motion is granted on the basis of a forum-selection clause, transfer rather than dismissal is in the interest of justice. <u>California Practice Guide: Federal Civil Procedure Before Trial</u>, 4:165 (2005); <u>Davis Media Group, Inc. v. Best Western Int'l</u>, 302 F. Supp. 2d 464, 470 (D. Md. 2004); <u>DigitalEnvoy, Inc. v. Google</u>, Ind, 319 F. Supp. 2d 1377, 1379 (N.D. Ga. 2004).

Accordingly, the Court TRANSFERS the action to the Southern District of Florida.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES defendant's motion to dismiss and TRANSFERS this action to Southern District of Florida.

**IT IS SO ORDERED.**

Dated: July 12, 2005

SUSAN ILLSTON
United States District Judge